| | |
|---|---|
| 1 | JUSTICE OJO (SBN: 321723) |
| | LAW OFFICES OF JUSTICE OJO |
| 2 | 1999 Harrison Street, Suite 1800 |
| | Oakland, California 94612 |
| 3 | Telephone: (510) 496-4592 |
| | Facsimile: (510) 496-4901 |
| 4 | Justice.ojo@justiceojolaw.com |
| 5 | Attorney for Plaintiff |
| | IMARA JACKSON-GOUDY |
| 6 | |
| | MARCIE ISOM FITZSIMMONS (SBN: 226906) |
| 7 | RYAN J. GREENSPAN (SBN: 297839) |
| | GORDON REES SCULLY MANSUKHANI, LLP |
| 8 | 315 Pacific Avenue |
| | San Francisco, CA 94111 |
| 9 | Telephone: (415) 986-5900 |
| 10 | Attorneys for Defendant |
| | SOUTHWEST AIRLINES CO. |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IMARA JACKSON-GOUDY, | Case No. 24-cv-02819-LB |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| vs. | |
| SOUTHWEST AIRLINES CO. | Date: August 8, 2024 |
| Defendant. | Time: 11:00 a.m. |
| | Trial Date: Not Set |

JOINT CASE MANAGEMENT STATEMENT

1

Plaintiff Imara Jackson-Goudy ("Plaintiff") and Defendant Southwest Airlines Co. ("Defendant") hereby respectfully submit their Joint Case Management Statement:

## I. JURISDICTION

The Parties do not dispute jurisdiction at this time. This Court has subject matter jurisdiction in this case based on diversity.

## II. SERVICE

Defendant has been served with the Complaint and filed an Answer in state court prior to removing, generally denying all allegations and asserting affirmative defenses.

## III. FACTS

Plaintiff is a former customer service agent for Defendant who worked at the Oakland Airport from May 23, 2022, until October 3, 2022. Plaintiff alleges that during her employment she was subjected to harassment and bullying from several other employees, including several members of her training class. Plaintiff states that management was informed of the harassment but instead of ensuring a work environment free of hostility, Defendant retaliated against Plaintiff for engaging in a protected activity. Defendant denies that Plaintiff was subjected to any harassment or bullying. Rather, Plaintiff acted unprofessionally towards her colleagues.

On July 13, 2022, following an alleged physical altercation from a coworker, Plaintiff requested to take leave from her job and was told by Defendant that she was not eligible for FMLA leave because she had not been employed for 12 months. Plaintiff took several sick days in July 2022 and provided a doctor's note that she needed to take a leave of absence through August 23, 2022. This leave was extended until October 3, 2022. Plaintiff resigned via email on October 3, 2022.

## IV. LEGAL ISSUES

Plaintiff alleges causes of action for Race and Age Discrimination in violation of FEHA (Cal. Gov. Code § 12940(a)); Harassment (Cal. Gov. Code § 12940(j); Hostile Work Environment Retaliation in violation of FEHA (Cal. Gov. Code § 12940); Failure to Prevent Discrimination, Harassment, and Retaliation (Cal. Gov. Code § 12940(k)); Retaliation in Violation of FEHA (Cal.

2

Gov. Code § 12940(h)); Negligent Hiring, Supervision, and Retention; and Constructive Termination.

### V. MOTIONS

Defendant anticipates filing a Motion for Summary Judgment and possibly discovery motions.

### VI. AMENDING THE COMPLAINT, ANSWER, COUNTERCLAIMS, OR CROSSCLAIMS

At this time, the Parties do not anticipate any amendments to the pleadings.

### VII. EVIDENCE PRESERVATION

The Parties have reviewed the Guidelines for the Discovery of Electronically Stores Information.

### VIII. INITIAL DISCLOSURES

The Parties have exchanged Initial Disclosures pursuant to General Order No. 71.

### IX. DISCOVERY

Defendant has served written discovery demands on Plaintiff. Plaintiff's deposition is noticed for August 15, 2024. Plaintiff intends to serve written discovery on Defendant prior to the Case Management Conference set for August 8, 2024.

### X. CLASS ACTIONS

Not Applicable.

### XI. RELATED CASES

The Parties are not aware of any related cases.

### XII. RELIEF SOUGHT

Plaintiff seeks compensatory damages including emotional distress, punitive and attorney's fees.

### XIII. SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION ("ADR")

The parties have not tried to settle the case. The Parties agree to a Settlement Conference with a Magistrate Judge or private mediation.

### XIV. CONSENT TO HAVE A MAGISTRATE JUDGE HEAR THE CASE

The Parties have consented to a Magistrate Judge.

### XV. OTHER REFERENCES

Not Applicable.

### XVI. NARROWING OF ISSUES, CLAIMS, OR DEFENSES

Not Applicable.

### XVII. EXPEDITED TRIAL PROCEDURE

Not Applicable.

### XVIII. SCHEDULING

The Parties agree to have the Court set deadlines attendant to the trial date. Defendant is available for trial after April 15, 2025, with the exception of October 7-28, 2025. Plaintiff is available for trial after March 1, 2025.

### XIX. TRIAL

This case will be tried by a jury. The trial is expected to last 7-10 days.

### XX. DISCLOSURE OF NON-PARTY INTERESTED PERSONS OR ENTITIES

None.

### XXI. OTHER MATTERS

None.

DATE: August 1, 2024					Gordon Rees Scully Mansukhani, LLP


						_____
						Marcie Isom Fitzsimmons, Attorney for Defendant

DATE: August 1, 2024					Law Offices of Justice Ojo

1
2  _____
3  Justice Ojo, Attorney for Plaintiff
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28